Case 1:25-cv-01687-LLS Document 51 Filed 10/22/26 Page 1 of 11

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YORK 555, LLC,

Case No.: 25-cv-01687-LLS

*Plaintiff,*

-against-

1055 PARK AVE 1 LLC; JEFFREY SIMPSON; CITY OF NEW YORK TRANSIT AUTHORITY TRANSIT ADJUDICATION BUREAU; CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; CITY OF NEW YORK DEPARTMENT OF FINANCE; BOARD OF MANAGERS OF THE 1055 PARK AVENUE CONDOMINIUM; JOHN DOE and JANE DOE, the last two names being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises described in the complaint,

*Defendants.*
------------------------------------------------------------X

**~~PROPOSED~~ JUDGMENT OF FORECLOSURE AND SALE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/22/26

On the Complaint duly filed in this action on February 27, 2025, and subsequently amended on March 21, 2025, and all papers filed in and proceedings had thereon, and on reading and filing the Declaration in Support of Plaintiff's Motion of Danielle P. Light, Esq., counsel for Plaintiff, dated December 30, 2025, from which it appears that each of the named defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, or are not indispensable parties to this action, and stating that more than the legally required number of days had elapsed since said defendants were served and/or appeared; and that none of the defendants have served an answer to said Complaint, nor has their time to do so been extended; and, on reading and filing the Declaration of John Ramer executed on December 29, 2025, with

exhibits annexed thereto, it appears that the sum due to Plaintiff for unpaid principal, interest, and advances as of September 16, 2026, is $4,962,702.64 and that the Premises should be sold as one parcel, and on reading and filing the Motion of New York 555, LLC ("Plaintiff"), the Declaration of Danielle Light, Esq. with exhibits annexed thereto, the Declaration of John Ramer, and Plaintiff's Memorandum of Law;

Now, upon proof of due notice of this application upon all parties who have not waived the same, and this matter having regularly come on to be heard, and there being no opposition thereto,

**ON MOTION** of Hasbani & Light, P.C., attorneys for Plaintiff, it is

**ORDERED,** that Plaintiff's Motion is granted; and it is further

**ORDERED,** that a default judgment is issued in favor of Plaintiff and against defendants 1055 PARK AVE 1 LLC; JEFFREY SIMPSON; CITY OF NEW YORK TRANSIT AUTHORITY TRANSIT ADJUDICATION BUREAU; CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; CITY OF NEW YORK DEPARTMENT OF FINANCE; and BOARD OF MANAGERS OF THE 1055 PARK AVENUE CONDOMINIUM, and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 1055 Park Avenue, Unit 1, New York, NY 10028 and identified on the New York County Tax Map as Block: 1515 Lot: 1902 and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction on the Courthouse Steps outside of the United States District Courthouse located at 500 Pearl Street, New York, NY 10007 on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of Special Master Scott Siller, Esq., at 706 Equestrian Way, Westbury, NY

Case 1:25-cv-01687-LLS Document 51 Filed 10/22/26 Page 3 of 11

11590; (516) 644-6769 who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") § 231 in The New York Law Journal published in New York County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in his own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on his own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the following:

**Amount Due per Referee's Report** in the sum of $4,962,702.64, the said amount so reported due as aforesaid, together with interest thereon from September 16, 2026, the date the interest was calculated to in said Report at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the

Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355;

**Costs and Disbursements**. $0.00 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment. Plaintiff may make a request or additional fees and costs after the sale is completed;

**Attorney Fees**. $17,833.98 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after

deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as herein before directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or

within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of defendants 1055 PARK AVE 1 LLC and JEFFREY SIMPSON the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;
- any state of facts that an accurate survey of the Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;
- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;
- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;
- any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and
- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that a copy of this Judgment shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

ENTER:

Louis L. Stanton
Judge Louis L. Stanton
United States District Court
Southern District of New York

Oct. 21, 2026

SCHEDULE "A"

Case 1:25-cv-01687-LLS Document 51 Filed 10/22/26 Page 10 of 11

**EXHIBIT A**
**LEGAL DESCRIPTION**

**Unit 1:**

**THE CONDOMINIUM UNIT (hereinafter referred to as the "Unit") in the building (hereinafter referred to as the "Building") known as The 1055 Park Avenue Condominium and by the street number 1055 Park Avenue, County of New York, State of New York, said Unit being designated and described as Unit No. 1 in a Declaration dated 1/19/2021 made by IGOC I Park LLC, pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter referred to as the "Condominium Act") establishing a Plan for condominium ownership of the Building and the Land (hereinafter referred to as the "Land") upon which the Building is situate (which Land is more particularly described in Exhibit A annexed hereto and by this reference made a part hereof), which Declaration was recorded in the Office of the City Register of the City of New York, County of New York, on 4/12/2011 as CRFN 2011000131730 as re-recorded 4/18/2011 as CRFN 2011000138656 (which Declaration and Amendments (if applicable) thereto are hereinafter collectively referred to as the "Declaration"). This Unit is also designated as Tax Lot 1902 in Block 1515 of the County of New York on the Tax Map of the Real Property Assessment Department and on the Floor Plans of the Building, certified by H. Thomas O'Hara Architect PLLC, on 3/2/2011 and filed with the Real Property Assessment Department on 3/21/2011 as Condominium Plan No. 2120 and also filed in the Office of the City Register of the City of New York, County of New York, on 4/18/2011 as Condominium Map No. CRFN 2011000138657.**

**TOGETHER with an undivided 20.3894% interest in the Common Elements (as such term is defined in the Declaration).**

**The Land on which the Building and Unit is located is situated in the County of New York and State of New York and is more fully described in the Declaration.**

**SCOTT H. SILLER**
**706 Equestrian Way**
**Westbury, NY 11590**
**(516) 644-6769**
**scotthsesq@aol.com**

**EXPERIENCE:**

January 2020 – Present:
**Scott H. Siller, Attorney At Law, Westbury, NY**
Private Practice: General civil litigation, landlord/tenant litigation, Family Court matters, appointments as Foreclosure Referee to conduct computations and sales of commercial and residential properties, union legal services matters, such as member legal consultations, will drafting and litigation pursuant to their benefit plans

January 2014 – December 2019:
**Nassau County District Court Judge, Hempstead, NY**
Presided over both civil and criminal matters:
Landlord/tenant, no-fault, civil and small claims trials and hearings; daily criminal arraignment calendars and hearings

January 1998 – December 2013:
**Scott H. Siller, Attorney At Law, Greenvale, NY**
Private Practice: Concentration in domestic relations litigation in both Supreme and Family Court as well as general civil litigation

January 2009 – December 2013:
**Queens Family Court 18B / Law Guardian Panel, Jamaica, NY**
Panel Member

January 1998 – December 2013:
**Mirkin & Gordon, P.C., Great Neck, NY**
Of Counsel

December 1988 – December 2013:
**Nassau County District Court Arbitration Panel, Hempstead, NY**
District Court Arbitrator

December 1989 - December 1997:
**Mirkin & Gordon, P.C., Great Neck, NY**
Associate in Litigation Department: Represented union members, pursuant to their legal services benefit plans, including daily court appearances, in such matters as landlord/tenant, Family Court, matrimonial, bankruptcy, administrative agency and civil legal defense matters

**EDUCATION:**

June 1988:
New York Law School, New York, NY
Degree: Juris Doctor

December 1983:
Hofstra University, Hempstead, NY
Degree: M.A. in Humanities

February 1983:
New York University, New York, NY
Degree: B.A. in Fine Arts

**BAR ADMISSIONS:**

| | |
|---|---|
| May 1993: | Supreme Court of the United States of America |
| May 1993: | United States Court of Appeals for the Federal Circuit |
| May 1993: | United States Court of Federal Claims |
| May 1993: | United States Court of Military Appeals |
| January 1989: | United States District Courts, EDNY and SDNY |
| December 1988: | New York State Bar, Second Department |

**FIDUCIARY ELIGIBILITY:**
Eligible for Part 36 Fiduciary Appointments, such as Foreclosure Referee to Compute, in Nassau, Suffolk, Queens, Kings, Bronx, New York, Richmond, and Westchester Counties
Fiduciary Registration No. 107953

**LANGUAGE PROFICIENCY:**

Spanish:
Bilingual; speaking fluency, reading and writing capability